# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARION HESTER,**

            **Plaintiff,**

**-vs-**                                                                **Case No.  6:05-cv-1854-Orl-31JGG**

**COMMISSIONER OF SOCIAL SECURITY,**

            **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **CONSENT MOTION TO REMAND PURSUANT TO SENTENCE FOUR (Doc. No. 17)** |
| **FILED:** | **August 31, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Defendant, Jo Anne B. Barnhart, Commissioner of Social Security (the Commissioner) and moves this Court to remand this case to the Commissioner of Social Security for the following reasons:

> To allow the administrative law judge an opportunity to carefully consider the opinions of the treating physicians, give a full credibility analysis, and obtain further vocational expert testimony, if necessary.

The motion is unopposed.

The request for remand is made pursuant to Title 42, United States Code, Section 405(g). Sentence four of section 405(g) provides, "[t]he Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." *See, Melkonyan v. Sullivan*, 501 U.S. 89,111 S.Ct. 2157 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625 (1993).  The Court's authority to grant the Commissioner's request is clear and, as the motion is unopposed, it should be granted.

**IT IS THEREFORE RECOMMENDED:**

1. The Court grant the motion for entry of judgment with remand for the reasons stated in the motion; and

2. The Court direct the Clerk to enter a separate judgment pursuant to Rule 58, which reverses the decision of the Commissioner, and remands the case to the Commissioner of Social Security to conduct further proceedings consistent with this Order.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 6, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Gregory A. Presnell
Counsel of Record